

FILED
LORAIN COUNTY

2017 MAR 17 AM 10: 54

COURT OF COMMON PLEAS
TOM ORLANDO

IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | |
|---|---|
| R.W. BECKETT CORPORATION<br>38251 Center Ridge Road<br>North Ridgeville, Ohio 44039<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL CASUALTY<br>COMPANY<br>333 South Wabash Avenue, Suite 300<br>Chicago, Illinois 60604<br><br>and<br><br>CNA FINANCIAL CORPORATION<br>333 South Wabash Avenue, Suite 300<br>Chicago, Illinois 60604<br><br>Defendants. | CASE NO. 17CV191911<br><br>JUDGE RAYMOND J. EWERS<br><br><br>**COMPLAINT**<br><br>(Breach of Contract, Declaratory<br>Judgment and Bad Faith)<br><br>JURY DEMAND ENDORSED HEREON |

## INTRODUCTION

1. This civil action is brought by an insured under commercial general liability insurance policies issued by Defendant Continental Casualty Company, Inc. ("Continental Casualty"), a Defendant CNA Financial Corporation ("CNA") insurance company. Plaintiff R.W. Beckett Corporation ("R.W. Beckett") seeks a judgment in the amount of policy proceeds to which it is entitled and/or a declaration compelling the reimbursement of counsel fees, settlements and other claim-related expenditures incurred in defending and resolving hundreds of litigated third party asbestos personal injury cases.

## THE PARTIES

2. R.W. Beckett is a for-profit Ohio corporation, maintaining its principal place of business at 38251 Center Ridge Road, North Ridgeville, Lorain County, Ohio.

3. Continental Casualty is believed to be a for-profit corporation duly organized and existing under the laws of the State of Illinois with its principal place of business at 333 South Wabash Avenue, Suite 300, Chicago, Illinois. Continental Casualty regularly does business in the State of Ohio, including without limitation engaging in the sale of insurance policies and other insurance related business transactions.

4. CNA is believed to be a for-profit corporation duly organized and existing under the laws of the State of Delaware with its principal place of business at 333 South Wabash Avenue, Suite 300, Chicago, Illinois. CNA regularly does business in the State of Ohio, including without limitation, by and through its subsidiaries, engaging in the sale of insurance policies, administering third party personal injury claims and other insurance related business transactions.

5. This action is brought in Lorain County, Ohio, where R.W. Beckett has its principal place of business. This Court has jurisdiction over R.W. Beckett because it is an Ohio corporation with its principal place of business in the State of Ohio. This Court has jurisdiction over the non-resident insurer Defendants pursuant to Ohio Revised Code § 2307.382(A)(9).

6. Venue in this Court is proper because R.W. Beckett has its principal place of business in Lorain County, and because the insurance policies that are the subject of R.W. Beckett's Complaint were issued in Lorain County.

## FACTUAL ALLEGATIONS

7. At all times material to this cause of action, Continental Casualty was in the business of underwriting commercial general liability insurance coverage for policy holders

seeking to insure against the risk of losses from completed operations and/or third party product liability claims.

8. At all times material to this cause of action, CNA was the parent of Continental Casualty.

9. At all times material to this cause of action, Continental Casualty was one of the CNA insurance companies.

10. At all times material to this cause of action, Continental Casualty dealt with R.W. Beckett and held itself out to R.W. Beckett as though it was acting for and on behalf of CNA.

11. From December 31, 1976 until January 31, 1980, Continental Casualty, at the time and currently one of the CNA insurance companies, provided primary liability insurance coverage for R.W. Beckett, the coverage block in question consisting of three commercial general liability policies, the oldest bearing Policy #BP3064147 for the term 12/31/76-79, a second bearing Policy #CCP3922007 for the term 12/31/78-79, and the most recent bearing Policy #CCP005308326 for the term 12/31/79-80 (collectively the "CNA Policies"). Those portions of the CNA Policies which R.W. Beckett is in possession of are attached hereto and incorporated herein, respectively, as Exhibits A, B and C.

12. The CNA Policies, although underwritten by Continental Casualty, prominently indicate that coverage is being issued by CNA.

13. The CNA Policies do not include any self-insured retention or deductible, nor do they include any product or asbestos exclusions.

14. Policy #CCP3922007 and Policy #CCP005308326 contain the following provision with respect to the tender of claims: *If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons*

3

*or other process received by him or his representative.*

15. Commencing in the mid-1980s, the precise date being presently unknown to R.W. Beckett, it entered into a so-called claims service contract (the "CSC") with Continental Insurance Company ("Continental Insurance"), whereby Continental Insurance agreed to administer for R.W. Beckett the defense of excluded products claims.

16. In 1995, Continental Insurance merged into, or was acquired by, CNA.

17. At all times material to this cause of action, Continental Insurance dealt with R.W. Beckett and held itself out to R.W. Beckett as though it was acting for and on behalf of CNA.

18. Hundreds of underlying claimants have filed lawsuits against R.W. Beckett in at least eight different states alleging they were exposed to asbestos containing material in products marketed by R.W. Beckett.

19. In 1998, the first of R.W. Beckett's asbestos personal injury claims was served, and upon receipt, R.W. Beckett immediately forwarded the Complaint to CNA for handling consistent with the notice provision of the CNA Policies.

20. From 1998 until the Fall of 2014, R.W. Beckett timely forwarded more than 300 asbestos personal injury claims to CNA for handling (the "Claims").

21. CNA treated all of R.W. Beckett's 300+ tenders commencing in 1998 as though the Claims were excluded, which R.W. Beckett now knows was not the case, and that R.W. Beckett was self-insured for the Claims, which R.W. Beckett now knows it was not.

22. During the Fall of 2014, the current management team of R.W. Beckett uncovered copies of old liability insurance policies for R.W. Beckett, including copies of the CNA Policies.

4

23. R.W. Beckett's current management team was unaware of the existence of the CNA Policies prior to their discovery in the Fall of 2014.

24. Prior to the discovery of the CNA Policies, the current management team of R.W. Beckett assumed that coverage was excluded for the Claims under the CNA Policies and that the Claims would be defended under the CSC.

25. CNA never advised R.W. Beckett that coverage existed for the Claims under the CNA Policies.

26. At the time R.W. Beckett forwarded the Claims to CNA for handling under the CSC, CNA had actual and/or deemed and/or imputed knowledge that R.W. Beckett was insured for the Claims.

27. Upon its discovery of the CNA Policies, which do not exclude coverage for product liability asbestos bodily injury claims, R.W. Beckett by letter dated October 10, 2014 put CNA on notice of the discovery and demanded that CNA assume R.W. Beckett's defense and indemnify R.W. Beckett for its product liability asbestos bodily injury claims.

28. CNA complied with R.W. Beckett's demand for coverage on a go-forward basis but has declined to reimburse R.W. Beckett for defense costs incurred and settlements paid by R.W. Beckett prior to October 10, 2014.

29. R.W. Beckett paid $1,927,062.24 in legal expense to defend the Claims prior to October 10, 2014.

30. R.W. Beckett paid $379,250.00 to settle certain of the Claims prior to October 10, 2014.

31. Defense counsel selected by R.W. Beckett to defend the Claims were recommended by CNA.

32. Those Claims that R.W. Beckett settled prior to October 10, 2014 were resolved with CNA's full knowledge and consent.

33. CNA does not dispute that it had actual notice of the Claims.

34. CNA was actively involved in the administration and defense of the Claims prior to October 10, 2014.

35. The Claims are covered occurrences under the CNA Policies.

## COUNT I - BREACH OF CONTRACT

36. R.W. Beckett incorporates herein by reference paragraphs 1 through 35, inclusive, of this Complaint.

37. Under the CNA Policies, Defendants were obligated to defend and indemnify R.W. Beckett against the Claims.

38. Defendants failed to defend and indemnify R.W. Beckett against the Claims.

39. The failure of Defendants to defend R.W. Beckett and to indemnify R.W. Beckett against the Claims is contrary to the CNA Policies and constitutes a breach of Defendants' contractual obligations to R.W. Beckett under the CNA Policies.

40. R.W. Beckett is entitled to be reimbursed for all counsel fees and claim-related costs incurred to defend against the Claims prior to CNA's assumption of R.W. Beckett's defense effective October 10, 2014, said costs amounting to $1,927,062.24.

41. R.W. Beckett is entitled to be reimbursed for all of the Claims it settled prior to CNA's assumption of R.W. Beckett's defense effective October 10, 2014, which settlements amount to $379,250.00.

42. All conditions precedent under the CNA Policies for reimbursement of defense costs and sums paid by R.W. Beckett to settle the Claims have been performed, occurred or waived,

and/or Defendants are estopped from denying the performance or occurrence of such conditions.

## COUNT II - DECLARATORY JUDGMENT

43. R.W. Beckett incorporates herein by reference Paragraphs 1 through 42, inclusive, of this Complaint.

44. This count is brought under the Ohio Declaratory Judgments Act, Title 27 of the Ohio Revised Code, Chapter 2721, *et seq.*

45. An actual and immediate controversy has arisen between R.W. Beckett and Defendants relative to their legal rights and duties under the CNA Policies.

46. The conduct of Defendants in refusing to reimburse R.W. Beckett for sought-after defense costs and settlement payments is unreasonable, in bad faith and is contrary to the CNA Policies.

47. R.W. Beckett seeks a declaratory judgment that Defendants have materially breached the CNA Policies by failing to reimburse R.W. Beckett for sought after defense costs and settlement payments, that Defendants' conduct constitutes bad faith, and that based upon Defendants' conduct, R.W. Beckett is entitled to damages including pre-judgment and post-judgment interest and reasonable attorneys' fees.

## COUNT III - BAD FAITH

48. R.W. Beckett incorporates herein by reference Paragraphs 1 through 47, inclusive, of this Complaint.

49. Defendants' refusal to reimburse R.W. Beckett for counsel fees and settlements paid after being advised by letter on October 10, 2014 that coverage unequivocally existed for the Claims, constitutes a frivolous and unfounded refusal to pay proceeds of a policy, breach of a known duty, breach of the covenant of good faith and fair dealing, and is motivated exclusively by

7

self-interest and thus is without any reasonable justification.

## PRAYER FOR RELIEF

WHEREFORE, R.W. Beckett seeks judgment in its favor against Continental Casualty and CNA, jointly and severally, as follows:

A. On Count I of its Complaint: (1) a judgment in the amount of $2,306,312.24 constituting costs previously expended by R.W. Beckett for counsel fees and expenses in defending the Claims and for all sums paid by R.W. Beckett to settle the Claims; (2) pre-judgment and post-judgment interest; (3) court costs; and (4) such further legal and equitable relief to which it is entitled.

B. On Count II of its Complaint: (1) a judgment declaring Defendants' rights, duties and responsibilities under the CNA Policies; (2) an order requiring Defendants to comply with their obligations under the CNA Policies; (3) an order requiring Defendants to reimburse R.W. Beckett for all counsel fees and settlement payments R.W. Beckett was forced to front as a result of Defendants' material breach of the CNA Policies; (4) pre-judgment and post-judgment interest; (5) an award of attorneys' fees; (6) court costs; and (7) such further legal and equitable relief to which it is entitled.

C. On Count III of its Complaint: (1) a judgment in the amount of $2,306,312.24 constituting costs previously expended by R.W. Beckett for counsel fees and expenses in defending the Claims and for all sums paid by R.W. Beckett to settle the Claims; (2) pre-judgment and post-judgment interest; (3) an award of attorneys' fees; (4) an award of punitive damages; (5) court costs; and (4) such further legal and equitable relief to which it is entitled.

Respectfully submitted,

FAUVER, KEYSE-WALKER & DONOVAN,
A Legal Professional Association

By: _____/s/ Howard T. Lane_____
Howard T. Lane, Esq. (0062251)
5333 Meadow Lane Court
Elyria, Ohio 44035
Telephone: (440) 934-3700
Fax: (440) 934-3708
E-Mail: hlane@fkwdlaw.com
Attorney for Plaintiff R.W. Beckett Corporation

## JURY DEMAND

R.W. Beckett demands a trial by jury on all issues so triable

By: _____/s/ Howard T. Lane_____
Howard T. Lane, Esq. (0062251)
Attorney for Plaintiff R.W. Beckett Corporation

## INSTRUCTIONS FOR SERVICE

TO THE CLERK:

Please issue Summons and a copy of the forgoing Complaint by U.S. certified mail, return receipt requested, to the Defendants at their respective addresses listed in the caption of this Complaint.

By: _____/s/ Howard T. Lane_____
Howard T. Lane, Esq. (0062251)
Attorney for Plaintiff R.W. Beckett Corporation